**Darryl HAWKINS, Appellant**

v.

**Ronnie HOLT.**

No. 07–3186.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 29, 2007.

Filed: April 2, 2008.

Before: BARRY, CHAGARES and ROTH, Circuit Judges.

OPINION

PER CURIAM.

Appellant, Darryl Hawkins, appeals the order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For essentially the reasons set forth in the Magistrate Judge's Report and Recommendation, which was adopted by the District Court, we will summarily affirm the judgment of the District Court.

The parties are familiar with the facts, so we will only briefly revisit them here. Hawkins was arrested by Pennsylvania authorities on November 13, 1993, on state charges of rape, unlawful restraint, indecent assault, reckless endangering and carrying firearms without a license. These charges were withdrawn on January 6, 1994; however, Hawkins remained in Pennsylvania state custody on a parole violation warrant. That warrant was executed, and Hawkins commenced service of the parole violation term on January 25, 1994. Hawkins continued to serve the parole violation sentence through June 5, 2005, and received credit accordingly. In the meantime, Hawkins was "borrowed" from Pennsylvania authorities on October 14, 1994, on a federal writ of habeas corpus *ad prosequendum* to stand trial in the United States District Court for the Eastern District of Pennsylvania for a one count indictment charging him with violating 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. That federal charge resulted in the imposition on November 1, 1995 of a term of imprisonment of 180 months. The sentencing court did not specify whether Hawkins' federal sentence should run concurrent to or consecutive to his state sentence, and, in fact, did not mention the state sentence at all. Hawkins was returned to Pennsylvania state authorities on November 9, 1995 to finish out his state sentence.

On June 5, 2005, Hawkins was released to federal authorities to begin serving the sentence imposed by the District Court. He was received at the Federal Detention Center in Philadelphia on June 7, 2005 to await transportation to his designated facility. Hawkins is currently confined at FCI–Schuylkill in Minersville, Pennsylvania. The Bureau of Prisons ("BOP") has computed Hawkins' federal sentence as commencing on the day he was released from state custody to federal custody (i.e., June 5, 2005), pursuant to 18 U.S.C. § 3584(a). Although Hawkins' request for a *nunc pro tunc* designation of the Pennsylvania state facility for service of his federal sentence was denied, the BOP did give him prior custody credit of 73 days for the period he was held in custody on the parole violation before recommencing his state sentence (i.e., from November 13, 1993 to January 24, 1994). His projected release date was thus calculated to be April 18, 2018 via good conduct credits.

After unsuccessfully pursuing administrative remedies, Hawkins filed the underlying § 2241 petition alleging that the BOP erroneously calculated his federal sentence by not crediting him with time served in state prison for the parole violation prior to his recommitment and for the time he was in federal custody pursuant to the writ of habeas corpus *ad prosequendum.* Hawkins further argued that the federal government erred in returning him to state custody to complete his state sentence before beginning his federal sentence, and that he should be credited accordingly. The Magistrate Judge to whom the petition was referred issued a Report recommending that it be denied as the BOP's calculation had Hawkins' federal sentence set to commence at the earliest possible date. Moreover, the BOP awarded Hawkins all the prior custody credit he was entitled to. In accordance with this Court's holding in *Rios v. Wiley,* 201 F.3d 257, 274 (3d Cir.2000), that "a prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner," the Magistrate Judge concluded that there was no basis on which to grant Hawkins prior custody credit for the period from October 14, 1994 to November 9, 1995. Likewise, the BOP credited Hawkins all the time he was entitled to based on the period of his detention prior to the execution of the state parole violation warrant, and was prohibited by 18 U.S.C. § 3585(b) from awarding Hawkins double credit for his term of imprisonment arising from an earlier state conviction and sentence. The District Court adopted that Report and Recommendation in an order entered July 10, 2007, 2007 WL 2022091 and denied Hawkins' petition. Hawkins timely appealed.

Having carefully reviewed the record, we conclude that "no substantial question"

is presented by the appeal, *see* 3d Cir. LAR 27.4, as the BOP properly determined the date on which Hawkins' federal sentence commenced and the amount of prior custody credit to be awarded. Moreover, Hawkins' mere belief that his federal sentence should have been served first is insufficient to mandate that the BOP award credit for the state sentence. Hawkins remained in the primary custody of the state of Pennsylvania until his state sentence expired on June 5, 2005 and he was released to the federal detainer. Section 3585(b) simply prohibits the award of double credit in this situation. *See United States v. Wilson,* 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (stating that Congress made clear in § 3585(b) that a defendant could not receive double credit for his detention time). *See also Ruggiano v. Reish,* 307 F.3d 121, 125 n. 1 (3d Cir.2002); *Rios v. Wiley,* 201 F.3d at 272.

Accordingly, we will summarily affirm the judgment of the District Court. Hawkins' motion for the appointment of counsel is denied. *Tabron v. Grace,* 6 F.3d 147, 155–58 (3d Cir.1993).